UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIFEH AZAR,<br><br>    Plaintiff,<br><br> v.<br><br>OMAR AZAR, et al.,<br><br>    Defendants. | Case No. 24-cv-03870-RFL<br><br>**ORDER REMANDING ACTION AND DENYING AS MOOT APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. Nos. 1, 2 |

   In this action arising out of a property dispute, pro se Defendant Vincent Cascio has filed a notice of removal and a request to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) While no motion to remand has been filed, "the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *See United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also, e.g.*, *614 Shady Lane, LLC v. Roan*, No. 19-CV-2115, 2019 WL 13268171, at *1 (S.D. Cal. Dec. 2, 2019) (denying as moot the removing party's motion for leave to proceed *in forma pauperis* and *sua sponte* remanding action). There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up).

   Here, no subject matter jurisdiction exists from the face of the Complaint. First, there is no basis for federal question jurisdiction, as the Complaint asserts no causes of action arising under federal law. Contrary to Cascio's notice of removal, the Complaint does not allege a cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. The

2

Court also does not have federal question jurisdiction under 28 U.S.C. § 1343, as the Complaint neither alleges any federal constitutional or statutory civil rights claims under 42 U.S.C. § 1983, nor a conspiracy to interfere with civil rights under 42 U.S.C. § 1985.  The fourteenth cause of action for conspiracy merely recites the elements of a claim for civil conspiracy under California law, *see Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 757–58 (Ct. App. 1995), appearing to draw from the Judicial Council of California Civil Jury Instruction 3600.

Second, the notice of removal does not invoke diversity jurisdiction, and in any event, it is clear from the face of the Complaint that no complete diversity of citizenship exists.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005).

Accordingly, this action is **REMANDED** to the San Mateo County Superior Court, and Cascio's application to proceed *in forma pauperis* is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: September 3, 2024

RITA F. LIN
United States District Judge